# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEION L. TURNER, ) | |
| Plaintiff, ) | |
| ) | Case No. 15 cv 4537 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ILLINOIS DEPARTMENT OF CORRECTIONS, ) | |
| ACTING DIRECTOR, JOHN R. BALDWIN[1], *et al.*,) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Deion L. Turner, filed an Amended Complaint, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Turner asserts that his period of incarceration and mandatory supervised release were calculated incorrectly. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim[27, 30, 32]. This Court heard oral arguments on the motions on March 31, 2016. For the reasons stated herein, the motions are granted and plaintiff's Amended Complaint is dismissed.

**Background**

Turner brings this action pursuant to 42 U.S.C. §1983, 1985(2) and 1986, 28 U.S.C. §1915(g), 2201, 2202, 2283, 2284 and Federal Rule of Civil Procedure 65. He alleges civil rights violations under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, due process, equal protection, and Illinois law.

Turner was convicted on October 11, 1997, of sexual relations within families, 720 ILCS 5/11-11, among other charges. As a result of that conviction he was required to register as a sex offender pursuant to 730 ILCS 150/2. Evidently he failed to comply with the statutory registration

---

[1] Pursuant to Fed. R. Civ. P. 25(d), John R. Baldwin is substituted for S.A. Godinez, as Acting Director of the Illinois Department of Corrections for the official capacity claims.

requirement and was subsequently convicted of violating the Illinois Registration Act. The allegations in Turner's 76 page complaint in this case stem from his conviction on September 4, 2013, and sentence of five years imprisonment on two cases – 11 CR 18762 (violation of Sex Offender Registration Act) and 10 CR 5017 (failure to report address change). He alleges that his pretrial detention totaled 911 days (699 days on 11 CR 18762 and 212 days on 10 CR 5017). He claims that he was kept in prison beyond the time he should have been because, as he calculated it, five years is 1800 days and he should have received a 50% reduction or 900 days. He also claims that someone in the Cook County Clerk's office must have deleted the 212 days from his record. Turner has litigated these and related issues in no less than thirteen cases in this district alone.

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must allege sufficient facts to establish that the requested relief is plausible on its face and provide the defendant with fair notice of a claim's basis. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Rule 8 dictates that the complaint set forth a short and plain statement of the claim upon which relief can be granted. Fed. R. Civ. P. 8(a)(2).

**Discussion**

The defendants filed three separate motions arguing for dismissal of the complaint on several bases. This Court finds the defendants' arguments well founded. This Court could dismiss

the Amended Complaint pursuant to Rule 8(a)(2) because it fails to provide a short and plain statement of the claims. The Amended Complaint is voluminous and convoluted, barely mentioning defendants Alvarez, Cunningham, Brown, Madigan, and Gard. Even if this Court liberally construes the complaint because Turner is pro se, it is virtually unintelligible. It exhibits "the lack of organization and basic coherence [that] renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct." *Lawrence v. Sec'y of State*, 467 Fed. Appx. 523, 524 (7th Cir. 2012) (unpublished) (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)). This Court dismisses the Amended Complaint for the additional reasons that it is barred by collateral estoppel, the *Rooker-Feldman* doctrine, and immunity.

In Illinois the doctrine of collateral estoppel requires that "(1) the issue decided in the prior adjudication be identical to the issue presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Talarico v. Dunlap*, 177 Ill. 2d 185, 685 N.E.2d 325, 328, 226 Ill. Dec. 222 (1997). As noted above, Turner has filed no less than thirteen cases in this district alleging interrelated claims regarding the calculation of his time in custody credit, out date, and mandatory supervised release term. Among these cases is *Turner v. Chandler et al.*, No. 14-cv-2668, in which Judge Leinenweber dismissed Turner's complaint under the *Rooker-Feldman* doctrine that prevents federal courts from reviewing state court judgments since an Illinois court had already ruled that Turner's out date was calculated correctly. "[T]wo claims are one for the purposes of [preclusion] if they are based on the same, or nearly the same, factual allegations." *Turner v. Cook County, et al.*, No. 05 C 2890, 2005 WL 3299822, at *9 (N.D. Ill. Dec. 2, 2005) (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995) (collecting cases)). In Turner's case before Judge Leinenweber, the defendants included Cook County, Dorothy Brown, S.A. Godinez, and Illinois Department of Corrections officials. "The Government, its officers, and its

agencies are regarded as being in privity" for preclusion. *Turner*, 2005 WL 3299822, at *9 (quoting *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955) (collecting federal appellate cases). Thus, there was a judgment on the merits in an identical prior adjudication with the same defendants.

The *Rooker-Feldman* doctrine "deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Commonwealth Plaza Condo. Ass'n v. City of Chi.*, 693 F.3d 743, 745 (7th Cir. 2012) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)). The doctrine clearly applies in this case, as it did in *Turner v. Chandler et al.*, because Turner is essentially seeking that this Court overturn the state court determination that his out date was calculated correctly and he is subject to mandatory supervised release. Thus, this Court lacks jurisdiction over Turner's claims.

Defendants Alvarez, Dombrowski, and Cunningham are immune from suit. Prosecutors and public defenders have absolute immunity from suits for damages relating to their professional duties. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *Robinson v. Bergstrom*, 579 F.2d 401, 408 (7th Cir. 1978).

Turner's claims fail for the additional reasons that he has not alleged any facts showing disparate treatment to support an Equal Protection Claim. Neither the Ex Post Facto clause nor the Eighth Amendment applies to Turner's situation because the Sex Offenders Registration Act is neither retroactive nor punitive. Double jeopardy is equally inapplicable because Turner was not tried twice for the same crime. Lastly, there are no allegations of personal involvement by Alvarez, Cunningham, Brown, or Madigan to sustain a section 1983 claim against them.

Even if this Court were to entertain Turner's claim, it appears that his out date and time in custody credit were properly calculated under Illinois law. Following his conviction for sexual

relations within families pursuant to 720 ILCS 5/11-11, he was required to register as a sex offender under 730 ILCS 150/2 (B)(1.8), which specifically applies registration to individuals convicted under 720 ILCS 5/11-11. Turner failed to comply with the registration requirements and therefore was convicted for violating the Sex Offender Registration Act. Evidently, time in custody credit was applied only to his conviction on 11 CR 18762 and not 10 CR 5017 because Turner served 201 days of his five year sentence. Five years is equal to 1800 days and in Illinois Turner's sentence was automatically reduced by 50%. Thus, there were 900 days for Turner to serve, which were further reduced by 699 days for his time served prior to sentencing on 11 CR 18762. Because the sentences were imposed consecutively, Turner was not entitled to additional 212 days of credit for time served on the related conviction. *See People v. Hill*, 294 Ill. App. 3d 962, 976 (1st Dist. 1998) (holding that a defendant should not receive credit for double the amount of time served, which would convert much of a consecutive sentence into a concurrent one). Accordingly, this Court would not likely find any violation of Turner's rights based on the calculation of his out date and mandatory supervised release, even if this Court were to consider the issue on the merits. Illinois state court is nevertheless the appropriate court for Turner to pursue his claim on the merits as set forth above.

Based on the foregoing analysis, this Court grants defendants' motions to dismiss [27, 30, 32]. Civil case terminated.

IT IS SO ORDERED.

Date: April 8, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge